IN THE COMMONWEALTH COURT OF PENNSYLVANIA

T.P.B.,                                        :
                          Petitioner           :
                                               :
            v.                                 :
                                               :
Pennsylvania State Police,                     :
Megan's Law Section,                           :     No. 339 M.D. 2018
                          Respondent           :     Submitted: May 31, 2019


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                     FILED:  October 31, 2019


            Before the Court, in our original jurisdiction, is the amended
Application for Summary Relief (Application) filed by T.P.B. (Petitioner) seeking
relief from his lifetime sexual offender registration requirement in Pennsylvania
under the Act of February 21, 2018, P.L. 27 (Act 10), 42 Pa.C.S. §§ 9799.10-
9799.74, *as amended* by the Act of June 12, 2018, P.L. 140 (Act 29) (collectively,
Act 10 or SORNA II).  For the reasons stated herein, we deny the Application.

            By way of brief statutory background, beginning in 1995,
Pennsylvania's General Assembly has enacted a series of statutes and amendments
requiring sex offenders living within the Commonwealth to register for varying
periods of time with the Pennsylvania State Police based on their convictions for
certain sexual offenses.  The General Assembly enacted the first of these statutes,
commonly known as Megan's Law I, *former* 42 Pa.C.S. §§ 9791-9799.6, in 1995,
followed five years later, in 2000, by what is commonly known as Megan's Law II,
*former* 42 Pa.C.S. §§ 9791-9799.7.  In 2004, the General Assembly enacted what is

commonly known as Megan's Law III, *former* 42 Pa.C.S. §§ 9791-9799.9, which remained in effect until the enactment of the Sexual Offender Registration and Notification Act (SORNA I), 42 Pa.C.S. §§ 9799.10-9799.41, in 2012. On July 19, 2017, the Pennsylvania Supreme Court handed down the decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), which held that SORNA I violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions by increasing registration obligations on certain sex offender registrants. Thereafter, in 2018, to clarify that sex offender registration provisions were not *ex post facto* punishment, the General Assembly enacted SORNA II.

In 1999, Petitioner was convicted in Texas of the felony of Indecency with a Child – Sexual Contact,[1] and became a sexual offender registrant under Texas law. After serving a prison sentence in Texas, Petitioner relocated to Pennsylvania in 2009 and began registering as a sexual offender registrant pursuant to the then-effective version of Pennsylvania's sexual offender registration scheme, Megan's Law III. *See former* 42 Pa.C.S. § 9795.2(b)(4)(ii)-(v) (effective Jan. 1, 2007 through Feb. 20, 2012).

In July of 2017, our Supreme Court decided *Muniz*, holding that SORNA I, specifically 42 Pa.C.S. § 9799.14, violated the *ex post facto* clause of the Pennsylvania Constitution when retroactively applied to individuals whose sex offender registration requirements increased upon the enactment of SORNA I. *See Muniz*, 164 A.3d at 1218 & 1223. The challenge in *Muniz* was not to lifetime registration requirements under SORNA I *per se*, but instead to the retroactive application of those registration requirements that increased with the enactment of SORNA I. *Id.*

---

[1] Tex. Penal Code § 21.11(a)(1).

2

Following *Muniz*, Petitioner began a series of challenges to his registration requirements under Pennsylvania's convicted sexual offender registration scheme, including a previous challenge to the applicability of SORNA I to his conviction. *See T.P.B. v. Pa. State Police Megan's Law Section*, (Pa. Cmwlth., No. 463 M.D. 2017, filed May 21, 2018). In this previous case, this Court granted Petitioner's application for summary relief, in part, and ordered that the Pennsylvania State Police was not to enforce the SORNA I registration requirements against Petitioner, but did not remove him from the sex offender registration as a result of his registration obligations under Pennsylvania's new Act 10 sexual offender registration scheme. *Id.*, slip op. at 20. In the previous case, this Court also granted the Pennsylvania State Police's application for summary relief to the extent that it asserted that Petitioner could not challenge his Act 10 registration requirements in the previous matter because the General Assembly had not enacted Act 10 when the previous case began. *Id.*

On May 8, 2018, Petitioner filed the instant Application.[2] Petitioner's brief purports to raise a number of claims challenging his sexual offender registration

---

[2] Petitioner has filed a multitude of motions and applications relative to the instant matter. *See* Commonwealth Court Docket No. 339 M.D. 2018. The latest version of the Application filed on December 18, 2018, the First and Second Amendments thereto, and Petitioner's September 29, 2019, September 30, 2019, October 1, 2019, and October 18, 2019 filings, respectively styled as "Petitioner's application in Support of Rule 1532(b) Special and Summary Relief," "Rule 1532(b) Special Summary Relief by MANDAMUS ** Re-emphasis for clarity with application for leave of Court to brief under SP-480-2018**," "Rule 1532(b) Special Summary Relief by MANDAMUS ** Re-emphasis for clarity with application for leave of Court to brief under SP-480-2018 second amendment**," and "Rule 1532(b) Special Summary Relief by MANDAMUS ** Re-emphasis for clarity with application for leave of Court to brief under SP-480-2018 second amendment** - third amendment" raise the same issues. All issues raised in the above filings, therefore, are currently collectively under consideration as the "Application."

An application for summary relief may be granted if a party's right to judgment is clear and no material issues of fact are in dispute. Pa.R.A.P. 1532(b); *Jubelirer v. Rendell*, 953 A.2d

3

requirements. *See* Petitioner's Brief at 19-28. To the extent they are discernable, Petitioner alleges that SORNA II is an unconstitutional *ex post facto* law because it increases Petitioner's sex offender registration period from 10 years to the duration of Petitioner's lifetime. *Id.* Petitioner further alleges that SORNA II violates his constitutional right to the protection of his reputation. *Id.* Finally, Petitioner argues that the General Assembly failed to comply with the Revival and Amendment Provision of the Pennsylvania Constitution in enacting Act 10 and Act 29.[3] *Id.*

Initially, to the extent Petitioner requests summary relief on his claim that the General Assembly failed to comply with the Revival and Amendment Provision of the Pennsylvania Constitution, we decline to grant such relief. *See*

514 (Pa. 2008); *Eleven Eleven Pa., LLC v. Commonwealth*, 169 A.3d 141 (Pa. Cmwlth. 2017). When ruling on an application for summary relief, this Court "view[s] the evidence of record in the light most favorable to the non-moving party and enter[s] judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law." *Eleven Eleven*, 169 A.3d at 145 (internal quotation marks omitted).

[3] Petitioner's brief and the filings considered in this opinion, *see supra* Note 2, contain myriad references to statutory sections and case law without cogent development tying those references to any properly stated claims. *See* Petitioner's Brief at 10-28; *see also generally* Petitioner's application in Support of Rule 1532(b) Special Summary Relief; Rule 1532(b) Special Summary Relief by MANDAMUS ** Re-emphasis for clarity with application for leave of Court to brief under SP-480-2018**; Rule 1532(b) Special Summary Relief by MANDAMUS ** Re-emphasis for clarity with application for leave of Court to brief under SP-480-2018 second amendment**; Rule 1532(b) Special Summary Relief by MANDAMUS ** Re-emphasis for clarity with application for leave of Court to brief under SP-480-2018 second amendment** - third amendment. The role of this Court is not to act as counsel for parties. *Commonwealth v. Le*, 208 A.3d 960 n.17 (Pa. 2019) ("It is not [an appellate] Court's function to act as an advocate for the parties."); *see also Commonwealth v. Spotz*, 18 A.3d 244, 262 n.9 (Pa. 2011) (noting that appellate courts need not address an issue where it is impossible to discern exactly what error a party alleges). We decline to speculate as to the substance of any of Petitioner's specific issues or arguments purportedly raised and will not attempt to further decipher the same beyond those discussed herein. Therefore, to the extent Petitioner's brief and later filings contain further arguments, they are indecipherable to the point of precluding meaningful review and are accordingly waived. *See Berner v. Montour Twp.*, 120 A.3d 433, 437 n.6 (Pa. Cmwlth. 2015) (ruling that a party's failure to sufficiently develop an issue in a brief constitutes waiver of the issue); *see also* Pa.R.A.P. 2119(a).

Petitioner's Brief at 20-24. Article 3, Section 6 of the Pennsylvania Constitution, commonly referred to as the Revival and Amendment Provision, provides as follows:

### § 6. Revival and amendment of laws

No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length.

Pa. Const. art. III, § 6. "The purpose of this provision, along with the other safeguards in Article III, is to provide full notice of all legislative enactments and prevent the passage of sneak legislation." *Christ the King Manor v. Com., Dep't of Pub. Welfare*, 911 A.2d 624, 638 (Pa. Cmwlth. 2006), *aff'd*, 951 A.2d 255 (Pa. 2008). "The constitution does not make the obviously impractical requirement that every act shall recite all other acts that its operation may incidentally affect, either by way of repeal, modification, extension or supply." *Id.* Here, the General Assembly complied with the requirements of the Revival and Amendment Provision of the Pennsylvania Constitution by publishing each proposed law in its entirety with bolding and brackets clearly demarking the proposed amendments and changes to each. *See* Act 10[4] & Act 29.[5] Thus, Petitioner's request for summary relief on his Revival and Amendment Provision claim lacks merit.

Petitioner's remaining claims turn on whether he has always been a lifetime sexual offender registrant in Pennsylvania. The record reflects that

---

[4] *See* https://www.legis.state.pa.us/cfdocs/legis/LI/uconsCheck.cfm?txtType=HTM&yr=2018&sessInd=0&smthLwInd=0&act=0010# (last visited October 29, 2019).

[5] *See* https://www.legis.state.pa.us/cfdocs/legis/li/uconsCheck.cfm?yr=2018&sessInd=0&act=29 (last visited October 29, 2019).

Petitioner was convicted of Indecency With a Child – Sexual Contact in violation of Texas Penal Code Section 21.11(a)(1). We note that Texas's Sex Offender Registration Program, Tex. Code Crim. Proc. art. 62.001-62.408, currently defines a conviction based on Section 21.11 as both a "reportable conviction" and a "sexually violent offense." *See* Tex. Code Crim. Proc. art. 62.001(5), (6). Texas's Sex Offender Registration Program currently requires lifetime registration for sexually violent offenses. *See* Tex. Code Crim. Proc. art. 62.101(a)(1). Thus, Petitioner may well have been a lifetime registrant in Texas when he relocated to the Commonwealth in 2009. Further, Megan's Law III was in effect in 2009 when Petitioner relocated to the Commonwealth.[6] For offenders with out-of-state convictions, Megan's Law III required an equivalency comparison to determine the offender's Pennsylvania registration period. *See former* 42 Pa.C.S. § 9795.2(b)(4)(ii)-(v) (effective Jan. 1, 2007 through Feb. 20, 2012). In 2009, the arguably comparable crime of indecent assault was a 10-year registration-equivalent crime in Pennsylvania. *See former* 42 Pa.C.S. § 9795.1(a)(1) (effective Dec. 8, 2008 through Dec. 19, 2011). However, Megan's Law III also required that individuals with out-of-state 10-year equivalent registration convictions register for the greater of either 10 years or "a period of time equal to the time for which the individual was required to register in the other jurisdiction[.]" *Former* 42 Pa.C.S. § 9795.2(b)(4)(iii)-(v) (effective Jan. 1, 2007 through Feb. 20, 2012). As such, Megan's Law III required individuals with lifetime sexual offender registration

---

[6] We acknowledge that *Muniz* began its analysis by determining which of Pennsylvania's sexual offender registration schemes was operative at the time Muniz committed his crime. *See Muniz*, 164 A.3d at 1195. In 1998, when Petitioner committed his crime, Megan's Law I was in effect in Pennsylvania. We begin our analysis in this matter with Megan's Law III, however, because that was the sexual offender registration scheme in effect in Pennsylvania in 2009, when Petitioner relocated to Pennsylvania and first became subject to the laws of the Commonwealth.

requirements in foreign jurisdictions to also register for life in Pennsylvania. *Id.* Therefore, regardless of whether his Texas felony conviction for Indecency With a Child – Sexual Contact was equivalent to Pennsylvania's 10-year registration-equivalent crime of indecent assault, as he claims, if Petitioner was a lifetime registrant in Texas, he would have also been a lifetime sexual offender registrant in Pennsylvania as of his 2009 relocation. *See former* 42 Pa.C.S. § 9795.2(b)(4)(iii)-(v) (effective Jan. 1, 2007 through Feb. 20, 2012).

Additionally, in *Bill v. Noonan* (Pa. Cmwlth., No. 437 M.D. 2017, filed May 16, 2019),[7] this Court overruled an as-applied constitutional challenge to SORNA I in the analogous situation of an individual required to register for life by virtue of his status as a sexually violent predator. In *Bill*, this Court noted that the rationale in *Muniz* is inapplicable in situations where SORNA I did not result in an increase of sexual offender registration obligations. *See id.*, slip op. at 11. *Bill* involved an individual who was continuously subject to lifetime registration requirements since his conviction by virtue of having been classified as a sexually violent predator. *Id.* This Court noted that because SORNA I did not increase the registration obligations of sexually violent predators – they remained lifetime registrants from Megan's Law III to SORNA I – SORNA I was not an *ex post facto* law as applied. *Id.* We explained:

> This Court has repeatedly determined that SORNA I is not an unconstitutional *ex post facto* law as applied, to the extent it *merely continues the same registration requirement already in place under the law*.

---

[7] Pursuant to Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

*Id.* (emphasis added; internal citation omitted). The Court continued and expanded its determination, stating that neither SORNA I nor SORNA II constitutes an impermissible *ex post facto* law as applied where an individual remains subject to the same registration requirements. *Id.* at 11-12.

As with the sexually violent predator-classified petitioner in *Bill*, if Petitioner was always a lifetime sexual offender registrant, neither SORNA I nor SORNA II would have increased his registration requirements. Petitioner would have been subject to lifetime sexual offender registration under Megan's Law III when he arrived in the Commonwealth in 2009. He would therefore remain subject to the same registration period. As such, the *Muniz* rationale would not apply and SORNA II would not constitute an impermissible *ex post facto* law as applied to Petitioner. *See Bill*; *see also Marshall v. Pa. State Police* (Pa. Cmwlth., 552 M.D. 2017, filed July 18, 2018), slip op. at 8-9 (holding that a petitioner seeking relief from Act 10's sexual registration requirements under *Muniz* is afforded no relief because no *ex post facto* violation exists where the petitioner experienced no increased registration requirements). It is unclear from the record before us whether Petitioner was a lifetime registrant in Texas in 2009 when he moved to Pennsylvania.

To the extent Petitioner purports to raise a reputation claim pursuant to Article I, Section 1 of the Pennsylvania Constitution,[8] this claim is likewise premised

---

[8] Article I, Section 1 of the Pennsylvania Constitution provides:

**§ 1. Inherent rights of mankind**

All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

on the notion that he has been subjected to an increased sexual offender registration requirement under SORNA II. *See* Petitioner's Brief at 24-26. If SORNA II did not subject Petitioner to increased registration requirements, as discussed *supra*, such a claim would fail. Further, as we have previously explained:

> We discern no basis, under *Muniz*, or otherwise, for a claim that either SORNA I or II constitutes a violation of reputation where it simply continues registration requirements already imposed under prior law.

*Bill*, slip op. at 12-13. Therefore, if Petitioner has always been a lifetime sexual offender registrant, his reputation claim would also fail.

For the above reasons, we deny Petitioner's request for summary relief based on his claim that the General Assembly failed to comply with the Revival and Amendment Provision of the Pennsylvania Constitution. Additionally, the determination of Petitioner's remaining claims[9] requires further development of the record to ascertain Petitioner's sexual offender registration requirements in Texas prior to his relocation to Pennsylvania. While the matter may be easily determined once Petitioner's Texas registration requirements are known, without this information, a genuine issue of material fact remains outstanding as to Petitioner's remaining claims. Accordingly, summary relief is inappropriate as to those claims at this time.

---

Pa. Const. art. I, § 1.

[9] We acknowledge that Petitioner's most recent filings "desire[] to clarify to the [C]ourt" that Pennsylvania State Police removed Petitioner from the sexual offender registry and then placed him back thereon. *See* Rule 1532(b) Special Summary Relief by MANDAMUS ** Re-emphasis for clarity with application for leave of Court to brief under SP-480-2018** at 2 & Exhibit A. We note the letter referred to by Petitioner was notice of removal from the sexual offender registry established under Megan's Law III, and had no bearing on whether Petitioner could be placed on subsequent sexual offender registries pursuant to SORNA I or SORNA II.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

T.P.B.,                                      :
       Petitioner            :
                                       :
       v.                    :
                                         :
Pennsylvania State Police,                   :
Megan's Law Section,                         :   No. 339 M.D. 2018
       Respondent            :

PER CURIAM

## O R D E R

AND NOW, this 31st day of October, 2019, Petitioner T.P.B.'s amended Application for Summary Relief, Petitioner's filing styled "Petitioner's application in Support of Rule 1532(b) Special and Summary Relief," and Petitioner's filings styled "Rule 1532(b) Special Summary Relief by MANDAMUS ** Re-emphasis for clarity with application for leave of Court to brief under SP-480-2018**," "Rule 1532(b) Special Summary Relief by MANDAMUS ** Re-emphasis for clarity with application for leave of Court to brief under SP-480-2018 second amendment**," and "Rule 1532(b) Special Summary Relief by MANDAMUS ** Re-emphasis for clarity with application for leave of Court to brief under SP-480-2018 second amendment** - third amendment" are DENIED.